

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

July 19, 1954

Hon. C. E. Fulgham
Secretary of State
Austin, Texas

Opinion No. S-136

Re:   Legality and effect of provision in
      S.J.R. 2, Acts 53rd Leg., R.S., 1953,
      limiting submission of constitutional
      amendment on county-wide hospital
      districts to "qualified property
      taxpaying voters."

Dear Mr. Fulgham:

Your request for an opinion reads as follows:

"It is the duty of this office to issue instructions to
the several counties in Texas in reference to the holding of
elections for the submission of amendments to the Constitution.
At the last regular session of the Legislature S.J.R. 2 was
adopted calling for the submission of an amendment on the
first Tuesday after the first Monday in November, 1954.
Section 2 of said S.J.R. 2 reads as follows:

"'The foregoing Constitutional Amendment shall be
submitted to a vote of the qualified property taxpaying
voters of this State at the General Election to be held
on the first Tuesday after the first Monday in November,
1954, at which election all ballots shall have printed
thereon: . . . ' [Emphasis supplied throughout this
opinion.]

"The act of the Legislature in limiting the class of voters
as above underscored is contrary to Section 1, Article XVII
of the Constitution prescribing the method of amending the
Constitution and which section reads in part as follows:

"'The Legislature . . . may propose amendments to the
Constitution, to be voted upon by the qualified
electors for members of the Legislature, . . . '

"Question:  Would this office be authorized to
instruct the appropriate officials in each of the counties
in Texas to permit all 'qualified electors for members
of the Legislature' to vote on said amendment, irrespec-
tive of the limitation appearing in S.J.R. 2?

"It may be assumed that the amendment would not be
validly adopted if the electorate is limited to the class of

voters mentioned in S.J.R. 2. Would it be validly adopted
if it was voted favorably by the 'qualified electors for
members of the Legislature'?"

As you have pointed out, the Constitution provides for its
amendment by a vote of the qualified electors for members of the Legis-
lature. Sections 3 and 4 of Article III of the Constitution provide
that members of the Legislature "shall be chosen by the qualified
electors." The term "qualified elector," which is defined in Section
2 of Article VI of the Constitution, is not restricted to property
taxpayers. We agree with you that the limitation to property tax-
paying voters is contrary to Section 1 of Article XVII of the
Constitution and that the amendment would not be validly adopted
if the class of electors permitted to vote on its adoption were
limited to property taxpaying voters.

Whether Senate Joint Resolution No. 2 should be carried into
effect with this unconstitutional provisional provision eliminated
depends upon whether the provision is severable. The test for sever-
ability of unconstitutional provisions in statutes and other forms
of legislative enactments is stated in 9 Texas Jurisprudence, Costitu-
tional Law, § 56, as follows:

"'It is a well-settled rule that, if the several pro-
visions of a legislative act are so mutually connected
with and dependent upon each other as conditions, considera-
tion, or compensation for each other as to warrant the belief
that the Legislature intended them as a whole, and would not
have enacted one or more of them if the others could not be
joined and carried into effect, then all the provisions must
fall.'

"On the other hand, if the unconstituional portion of
the statute is stricken out, and that which remains is com-
plete in itself and capable of being executed in accordance
with the apparent legislative intent, wholly independent of
that which is rejected, it must be sustained."

Also see cases digested in 34 Texas Digest, Statutes, § 64 (1).

S.J.R. 2 is complete with this provision eliminated, as
the Constitution itself supplies the class of voters entitled to
vote on the adoption of the proposed amendment.

The submission of a constitutional amendment must be
authorized by a vote of two-thirds of all the members elected to
each house of the Legislature. If the provision limiting submis-
sion to the property taxpaying voters could be said to have influenced
the vote on this proposition in the Legislature, the validity of the
adoption of the amendment upon submission to all qualified voters

Hon. C. E. Fulgham, page 3 (S-136)

might be questioned, although there is authority to the effect that after approval by the people the omission or disregard of some requried form of procedure preliminary to its submission will not nullify its adoption. See 16 C.J.S., Cbnstitutional Law, § 9, p. 39; 11 Am. Jur., Constitutional Law, § 32, p. 638. However, if it fairly appears that the Legislature would have taken the same action with this provision stricken, we are of the opinion that the validity of the submission could not be doubted.

The intention to do a vain or useless thing should not be imputed to the Legislature unless no other intention can reasonably be supplied. See 39 Tex. Jur., Statutes, § 131. It evidently was the will of the Legislature that this proposed amendment be submitted for adoption, and that it be submitted in such a way that the adoption would be valid. We are led to the conclusion that the Legislature intended to provide for the submission of S.J.R. 2 in a constitutional manner and that the insertion of the restriction to property taxpayers was either inadvertent or that it came about from a mistaken belief that Section 3a of Article VI of the Constituion would apply to an election on this proposition.

Reverting to the question of whether this provision affected the vote in the Legislature, the argument might be advanced that some of the members may have been influenced to cast a favorable vote for the proposition upon a belief that this provision would protect property taxpayers against having a tax placed upon them by nontaxpayers and that they would not have supported the resolution if they had known that all qualified electors, both taxpayers and nontaxpayers, would be entitled to vote on the adoption of the amendment. The proposed amendment, if adopted, would not levy a tax. Any tax levied under it would have to be approved by the property taxpaying voters. Cf. Section 3a, Article VI of the Constitution. With this safeguard expressly stated in the amendment itself, it would be stretching the bounds of credulity to conclude that the Legislature would not have approved the resolution without a similar restriction to adoption of the amendment. It is our opinion that this provision is severable.

Answering your specific questions, it is our opinion that the constitutional amendment proposed in S.J.R. 2 would be validly adopted if it is voted favorably by the qualified electors as provided in Section 1 of Article XVII of the Constitution. S.J.R. 2 should be carried into effect with this provision stricken, and your office is authorized to instruct the appropriate officials to permit all "qualified electors for members of the Legislature" to vote on the amendment.

SUMMARY

The provision in Senate Joint Resolution No. 2, Acts 53rd Legislature, R.S., 1953, limiting submission of the proposed

Hon. C. E. Fulgham, page 4 (S-136)

constitutional amendment on county-wide hospital districts to "qualified property taxpaying voters" is contrary to Section 1, Article XVII of the Texas Constitution, which provides for submission of amendments to "qualified electors for members of the Legislature." This provision is severable, and the proposed amendment would be validly adopted if it was submitted to and voted favorably by the "qualified electors" as provided in Section 1 of Article XVII.

The Secretary of State is authorized to instruct the appropriate officials in each of the counties in Texas to permit all "qualified electors for members of the Legislature" to vote on this amendment, irrespective of the limitation appearing in S.J.R. 2.

APPROVED:

J. C. Davis, Jr.
Reviewer

John Atchison
Reviewer

Robert S. Trotti
First Assistant

MKW:bjb

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*
Mary K. Wall
Assistant